IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TAYLOR ROGERS AND CALEB EVANS, Individually, and as parents, next friends, and legal guardians on behalf of their minor child, J.J.E,<br><br>Plaintiffs,<br><br>v.<br><br>KROGER CO. (THE), KROGER LIMITED PARTNERSHIP I aka KROGER STORE #393, K025 EAST/DELTA DIVISION,<br><br>Defendantss. | No. _____<br>Jury Demanded |

**COMPLAINT FOR COPYRIGHT VIOLATIONS AND STATE CLAIMS FOR CONSUMER PROTECTION AND INVASION OF PRIVACY**

Plaintiffs file this civil action against the Defendants for permanent injunctive relief, an accounting, and damages and allege the following:

I.

PARTIES & JURISDICTION

1. Plaintiffs, Taylor Rogers, Caleb Evans, and the minor Plaintiff J.J.E., are citizens and residents of Millington, Shelby County, Tennessee.

2. Defendant, KROGER CO. (THE), is a foreign corporation, organized and existing pursuant to the laws of the State of Ohio with its principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202-1100, doing business within the State of Tennessee and within this district, which can be served through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

3. Defendant, Kroger Limited Partnership I is a foreign limited partnership, organized and existing pursuant to the laws of the State of Ohio with its principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202, doing business within the State of Tennessee and within this district, which can be served through itS registered agent, Corporation Service Company, 2908 Poston Ave, Nashville, TN 37203-1312.

4. Upon information and belief, Kroger Store Number 393, K025 East/Delta Division, located at 8039 U.S. Highway North, Millington, TN 38053, is owned and/or operated by Defendant Kroger Co. (The) and/or Defendant Kroger Limited Partnership I, and/or is a subsidiary or alter ego of one or both said Defendants, and may be served through its store manager at 8039 U.S. Highway North, Millington, TN 38053.

5. This is a civil action for copyright infringement arising under the copyright laws of the United States, 17 U.S.C. §§ 101, et seq., as amended (the "Copyright Act"), violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101 et seq., and for breach of contract, conversion, and tortious invasion of privacy under the common law of Tennessee, all of which took place within this district.

6. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a). State law claims arise from the same nucleus of operative facts such that they form part of the same case or controversy as the federal law claims and, therefore, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) as the wrongful acts took place and the claims herein arose with this district, and Defendants transact business within this district.

II.

FACTUAL ALLEGATIONS

8.  At all pertinent times herein, during the period of April 2015 through October 2016, Defendants owned and operated Kroger grocery store #393, located at 8039 U.S. Highway 51 North in Millington, Tennessee.

9.  Said grocery store contained a bakery that made and sold birthday cakes.

10. Said bakery provided a service where it could scan a customer's photograph into its computer and print out the photographic image in an edible layer on the icing on top of a cake.

11. In April of 2015, Plaintiff Taylor Rogers planned a construction-worker themed birthday party for infant Plaintiff J.J.E.'s first birthday.

12. Plaintiff Taylor staged and took a photograph of her infant son by dressing him in blue denim jeans, suspenders, a bow tie, a toy hard hat with his nickname, "JJ" printed on it, and caution tape looped through his suspenders. The infant was bare-chested in the photograph.

13. The photographic image was intended to be private, to be shown only to family and very close friends at a private birthday party. It was never intended to be shown to the general public or to be used for any commercial purpose whatsoever.

14. On or about April 21 or 22 of 2015, Plaintiff Taylor took said photograph to the aforementioned bakery in the Kroger store #393, located at 8039 U.S. Highway North, in Millington, Tennessee and ordered a birthday cake with the photographic image to appear on top of the cake.

15. Plaintiff Taylor gave the photograph to the Kroger employee to be scanned into its computer and returned.

16. There was a conversation about the photographic image in which the Plaintiff Taylor was led to believe that the scanned photographic image would be deleted from Kroger's computer once the cake was completed.

17. Plaintiffs never gave Defendants any permission or license whatsoever to display the photographic image to the public or use it in any way for any purpose whatsoever except as necessary for the production of Plaintiff's birthday cake for her private party for her infant son.

18. Plaintiff Taylor returned to Kroger a few days later, still in April of 2015, to pick up the cake for the birthday party.

19. On October 16, 2016, Plaintiff Taylor was visiting the same Kroger bakery when she saw a reprint of her photographic image of her infant son on another cake on display to the public in the bakery display case.

20. The cake had a "SELL BY" date stamped on the label of "Oct 13, 16." It was marked down from an original price of $25.99 to a "Woohoo! Great Deal!" price of only $12.99.

21. The photographic image on the cake is clearly identifiable as J.J.E, made even more apparent by the fact that his nickname "JJ" appears on his hard hat.

22. Plaintiff Taylor immediately took the cake to the Customer Service counter to complain about the wrongful use and public display of the photographic image. She spoke to an older, black male at Customer Service.

23. Also on October 16, 2016, Plaintiff called the Kroger corporate office to make a complaint about the wrongful use and public display of the photographic image.

24. The Defendants wrongfully refused or failed to delete the photographic image after making the Plaintiff's cake and converted it to their own use and benefit.

25. Upon information and belief, over a period of at least eighteen (18) months (from April 2015 to October 16, 2016), Defendants made additional cakes using the Plaintiff's private photographic image, displayed those cakes and published the private photograph of J.J.E. to the general public inside its store.

26. Upon information and belief, the Defendants used the Plaintiff's private and protected photographic image of her infant son to advertise its service of printing photographs on birthday cakes, and ultimately sold those cakes to total strangers at the end of their "Sell By" date, thereby receiving unjust enrichment from the use of Plaintiff's private photographic image.

III.

CAUSES OF ACTION

COUNT 1 – COPYRIGHT INFRINGEMENT

27. Plaintiffs repeat and re-allege the preceding paragraphs of this Complaint as if fully set forth herein.

28. Plaintiff Taylor Rogers owns the aforementioned photographic image of her infant son and is entitled to rights and protections provided by the Copyright Act, 17 U.S.C. §101 et seq. Plaintiff Rogers has been and still is the sole proprietor of all rights, title, and interest in the photographic image.

29. The photograph has been submitted for copyright by the United States Copyright Office, Application Number 1-7201669741.

30. Defendants have used Plaintiff's photographic image in products which they manufacture and market, and for advertising purposes, without the permission of Plaintiff Rogers.

31. Defendants' conduct as alleged above violates the exclusive rights belonging to Plaintiff as owner of the photographic image, including without limitation Plaintiff's rights under 17 U.S.C. §106.

32. Upon information and belief, the specific acts of infringement described above are representative of a broader pattern of infringement in which the Defendants made unauthorized use of Plaintiff's photographic image during the period of April 2015 through October 16, 2016.

33. Upon information and belief, Plaintiff alleges that, as a direct and proximate result of their wrongful conduct, Defendants have realized profits and other benefits rightfully belonging to Plaintiffs.  Accordingly, Plaintiffs seek an award of damages pursuant to 17 U.S.C.§§504 and 505, including statutory interest.

34. Defendants' infringing conduct has also caused substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiffs with no adequate remedy at law.

35. Plaintiffs pray for permanent injunctive relief ordering the destruction of Plaintiff's photographic image of her infant son and prohibiting Defendants from further maintaining it, and/or manufacturing, marketing, distributing, or selling cakes or any other use or display of the photographic image whatsoever.

36. As a direct and proximate result of said violations of the Copyright Act, Plaintiffs have sustained damages, more fully set forth below, for which they are entitled to recover statutory damages in an amount to be determined by a jury.

37. Plaintiffs are entitled to recover their reasonable attorneys' fees and litigation expenses, pursuant to 17 U.S.C. §505.

38. Upon information and belief, Defendants have willfully engaged in acts complained of with conscious disregard of the rights of Plaintiffs. Plaintiffs are therefore, entitled to the maximum statutory damages allowable.

## COUNT 2 – VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT

39. Plaintiffs repeat and re-allege the preceding paragraphs of this Complaint as if fully set forth herein.

40. Defendants' conduct as alleged above constitutes fraudulent, unfair and deceptive trade practices in violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 et seq by utilizing Plaintiffs' protected materials in products they produce and market, and for advertising purposes, without Plaintiffs' permission.

41. Specifically and without limiting the scope of Defendants's violations of the Tennessee Consumer Protection Act, Defendants' acts violate at least the following provisions of the Act: Tenn. Code Ann. § 47-18-104(b)(1), (2), (3), and (5).

42. Defendants' unfair and deceptive trade practices and acts as alleged above have injured Plaintiffs in that they have suffered mental anguish, fear, embarrassment, invasion of privacy, and damage to their reputation as a direct and proximate result. In addition, Defendants have been unjustly enriched by reason of its copyright infringement, and deceptive trade practices in that Defendants has achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of its illegal conduct.

43. Defendants' wrongful conduct as above alleged was accompanied by circumstances of willfulness, knowingness and deliberate indifference to the rights of Plaintiffs, warranting the assessment of treble damages pursuant to Tenn. Code Ann. § 47-18-109(a)(3).

44. Pursuant to Tenn. Code Ann. § 47-18-109(e)(1), Plaintiff's are entitled to an award of attorneys' fees and litigation expenses.

45. As a direct and proximate result of said violations of the Tennessee Consumer Protection Act, the Plaintiffs sustained damages set forth below, for which they are entitled to recover statutory damages, treble damages, reasonable attorney fees and litigation expenses pursuant to the Consumer Protection Act in an amount to be determined by a jury.

COUNT 3 – VIOLATION OF TENNESSEE PERSONAL RIGHTS PROTECTION ACT

46. Plaintiffs repeat and re-allege the preceding paragraphs of this Complaint as if fully set forth herein.

47. The wrongful acts and omissions of the Defendants are in violation of the Tennessee Personal Rights Protection Act ("TPRPA"), Tenn. Code Ann. §47-25-1105, which prohibits the use of a photograph, image, or likeness of an individual without such individual's prior consent, or, in the case of a minor, the prior consent of such minor's parent or legal guardian.

48. As a direct and proximate result of the Defendants' violations of the TPRPA, the Plaintiffs have sustained damages, more fully set forth below, for which they are entitled to recover compensatory and/or punitive damages, and other statutory remedies, in an amount to be determined by a jury.

COUNT 4 - BREACH OF CONTRACT

49. Plaintiffs repeat and re-allege the preceding paragraphs of this Complaint as if fully set forth herein.

50. Plaintiff alleges that the agreement to use Plaintiff's photographic image to create a birthday cake for the Plaintiff, and for no other purpose, amounted to a contract, which the

Defendants breached by and through their appropriation and misuse of the photographic image for their own gain.

51. As a direct and proximate result of the Defendants' breaches of contract, the Plaintiffs have sustained damages, more fully set forth below, for which they are entitled to recover damages in an amount to be determined by a jury.

## COUNT 4 – CONVERSION

52. Plaintiffs repeat and re-allege the preceding paragraphs of this Complaint as if fully set forth herein.

53. Plaintiff avers that the wrongful acts set forth hereinabove constitute a conversion of Plaintiff's photographic image of their infant son for Defendants' own use and benefit, without the Plaintiff's consent or authorization, thereby depriving Plaintiffs of the rights and benefits of ownership and control, specifically the right to withhold publication of the image to strangers and the general public, and the right to benefit from profits derived from its use.

54. As a direct and proximate result of the Defendants' common law conversion, the Plaintiffs have sustained damages, more fully set forth below, for which they are entitled to recover compensatory and/or punitive damages in an amount to be determined by a jury.

## COUNT 5 – UNJUST ENRICHMENT & ACCOUNTING

55. Plaintiffs repeat and re-allege the preceding paragraphs of this Complaint as if fully set forth herein.

56. As a result of the aforementioned allegations, Defendants have been unjustly enriched by receiving money, a portion of which is due to Plaintiffs, from profits derived both from selling cakes with the infant Plaintiffs image, as well as the value of using the image to advertise its printed cakes.

57. The amount of money due from Defendants to Plaintiffs is unknown to Plaintiffs and cannot be ascertained without an accounting of the receipts and disbursements of the aforementioned transactions.

58. Plaintiffs demand an accounting of profits received from printed cakes during the period of April 2015 through October 16, 2016 and payment of the amounts found due.

## TORTIOUS INVASION OF PRIVACY

59. Plaintiffs repeat and re-allege the preceding paragraphs of this Complaint as if fully set forth herein.

60. Defendants intentionally and willfully invaded the reasonable expectation of privacy of the Plaintiffs as defined and adopted in Tennessee common law as per Section 652A of the Restatement (Second) of Torts, including all four categories, namely:

(a) unreasonable intrusion upon the seclusion of another, as stated in §652B;

(b) appropriation of the other's name or likeness, as stated in §652C;

(c) unreasonable publicity given to the other private life, as stated in §652 D; and

(d) publicity that unreasonably places the other in a false light before the public, as stated in §652E.

61. As a direct and proximate result of the Defendants' tortious invasion of privacy, the Plaintiffs have sustained damages, more fully set forth below, for which they are entitled to recover compensatory and/or punitive damages in an amount to be determined by a jury.

## IV.

## DAMAGES

1. As a direct and proximate result of the aforementioned acts and omissions of violations of the Copyright Act, the Tennessee Consumer Protection Act, and state common law

on the part of the Defendants, your Plaintiffs were caused to suffer damages, including but not limited to, the following:

(a) ) fear, shock, anger, embarrassment, humiliation, mental distress and suffering, and damage to their reputation in connection with the public disclosure of their infant son in a pose that was intended only for family and close friends at a private birthday party.

(b) loss of use and control of the photographic image of their infant son in a private pose;

(c) publication of their photographic image of their infant son to strangers and the general public, resulting in fear and mental anguish;

(d) loss of value of the photographic image and the amount of unjust enrichment gained by the Defendants as a result of their wrongful misappropriation; and

(e) invasion of the Plaintiffs' reasonable expectation of privacy.

V.

PRAYER FOR RELIEF

WHEREFORE, your Plaintiffs pray for an order compelling the Defendants to account to Plaintiffs for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiffs' copyrights and such damages as are proper, plus statutory interest thereon.

WHEREFORE, your Plaintiffs sue the Defendants for such compensatory, punitive, attorney fees and litigation expenses and such other statutory and general relief as may appear reasonable to the court and jury in an amount not to exceed ONE MILLION DOLLARS ($1,000,000.00).

WHEREFORE, your Plaintiffs respectfully demand that a jury be empaneled to hear this cause when the issues are joined.

RESPECTFULLY SUBMITTED this the 28th day of December, 2018.

                                    LAW OFFICE OF JASON G. WHITWORTH

                    BY:    /s/Jason G. Whitworth  
                             JASON G. WHITWORTH, #017615  
                             202 S. Cooper St., Ste. 4  
                             Memphis, TN 38104  
                             (901) 729-9999 phone  
                             (901) 725-6004 fax  
                             jgwhitworth@gmail.com  
                             Attorney for Plaintiff